Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Ariana Rojas,** Individually and on Behalf of All Others Similarly Situated;<br><br>Plaintiffs,<br><br>v.<br><br>**Pita Cafe, LLC d/b/a Pita Cafe**, an Arizona company; **Scottsdale Burger Bar Inc. d/b/a Scottsdale Burger Bar**, an Arizona company; **Johnny's Greek Inc. d/b/a/ Johnny's Greek and Burger Bar**, an Arizona company; **Johnathan Yasso,** an Arizona resident; and **Amanda Yasso,** an Arizona resident;<br><br>Defendants. | Case No.<br><br><br>**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201,** *ET SEQ.*<br><br><br>**(Jury Trial Requested)** |

Plaintiff Ariana Rojas, individually, and on behalf of all other persons similarly situated, allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff and the Collective Members[1] are current and former tipped restaurant workers employed by any of the Defendants.

---

[1] Collective Members are fully defined below, under the Collective Action Allegations header.

2. Plaintiff brings this action on behalf of herself and all other similarly situated current and former tipped restaurant workers who were not fully compensated all their tips.

3. Plaintiff and the Collective Members bring this action against Defendants for their unlawful distribution of Plaintiff and the Collective Members' tips in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"), specifically 29 U.S.C. § 203(m)(2)(B) (hereinafter "**FLSA Tip Violation**").

4. This action is brought to recover unpaid tipped wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conducts business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff resided in the State of Arizona.

9. Plaintiff is an employee of Defendants and began working on or around September 3, 2019 to the present.

10. Plaintiff is a non-exempt employee.

11. Plaintiff is engaged in an occupation in which she customarily and regularly receives more than $30 a month in tips.

12. Plaintiff is a tipped employee.

13. Plaintiff is an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

14. Defendants Pita Cafe, Scottsdale Burger Bar, Johnny's Greek and Burger Bar (hereinafter "**Defendant Restaurants**") are/were Arizona companies, authorized to do business in the State of Arizona.

15. Defendant Pita Cafe is Plaintiff's employer as defined by 29 U.S.C. § 203(d).

16. Defendant Scottsdale Burger Bar is Plaintiff's employer as defined by 29 U.S.C. § 203(d).

17. Defendant Johnathan Yasso is an Arizona resident.

18. Defendant Johnathan Yasso has directly caused events to take place giving rise to this action.

19. Defendant Johnathan Yasso was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

20. Defendant Johnathan Yasso is a manager of the Pita Cafe.

21. Defendant Johnathan Yasso is an employer of Pita Cafe.

22. Defendant Johnathan Yasso is an owner of Pita Cafe.

23. Defendant Johnathan Yasso is a manager of Scottsdale Burger Bar.

24. Defendant Johnathan Yasso is an employer of Scottsdale Burger Bar.

25. Defendant Johnathan Yasso is an owner of Scottsdale Burger Bar.

26. Defendant Johnathan Yasso is/was a manager of Johnny's Greek and Burger Bar.

27. Defendant Johnathan Yasso is/was an employer of Johnny's Greek and Burger Bar.

28. Defendant Johnathan Yasso is/was an owner of Johnny's Greek and Burger Bar.

29. Defendant Johnathan Yasso has the authority to hire and fire employees.

30. Defendant Johnathan Yasso supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

31. Defendant Johnathan Yasso uses a communication system with his employees called 'Homebase'.

32. Messages referenced below were sent through the communication Homebase system.

33. For example, on April 6, 2020, Defendant Johnathan Yasso messaged Plaintiff, "Hello so you want to work tomorrow at pita?", Plaintiff replied "Yes." Defendant Johnathan Yasso replied "Ok cool thank you. All day please."

34. On April 11, 2020, Defendant Johnathan Yasso messaged Plaintiff, "Hello arianna. I just got a letter from unemployment saying your filing for unemployment?" Plaintiff replied, "I had talked to Joe (Samuel) a few weeks ago asking if I was able to get more than 1 day a week. He told me he has to give all the kids hours as well since they have bills too. I filed since my hours were being cut due to the virus." Defendant Johnathan Yasso replied, "Ok so what do you wan to do because now your going to have more hours

50 this week and I think going forward you will have more than one day…Because I need to let them know on the paper I have to fill out".

35. Defendant Johnathan Yasso continued, "Ok no worries. We will figure it out. I'm sorry he should have not have said that. I'm going to get with joe about this matter. I was not aware of this at all. We're putting the schedule out today…I'm going to put you 3 days…2 days at burger 1 day at pita"

36. Defendant Johnathan Yasso determined the rate and method of Plaintiff's payment of wages.

37. On September 10, 2019, Defendant Johnathan Yasso messaged, "Team. Until further notice. Direct deposit will not be in effect. I will be cutting checks. They will be ready on fridays. Sorry for the inconvenience. Please let me know if you have any questions. Thank you."

38. Defendant Johnathan Yasso maintained employment records in connection with Plaintiff's employment.

39. On April 11, 2020 Defendant Johnathan Yasso messaged Plaintiff, "Hello Ariana. I just got a letter from unemployment saying your filing for unemployment?"

40. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Johnathan Yasso is subject to individual and personal liability under the FLSA.

41. During Plaintiff's employment with Defendants, Defendant Amanda Yasso and Defendant Johnathan Yasso have been legally married.

42. Amanda Yasso and Defendant Johnathan Yasso have caused events to take place giving rise to this action as to which their marital community is fully liable.

43. Under the principle of marital community property, all actions by one individual is imputed on the marital community property.

44. Defendant Amanda Yasso is an Arizona resident.

45. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

46. Together, Defendants are an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000 per year.

47. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

48. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

49. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

50. Defendant Pita Cafe and Defendant Scottsdale Burger Bar (**Plaintiff's Horizontal Joint Employers**") are horizontal joint employers of Plaintiff.

51. At all relevant times: (1) Plaintiff's Horizontal Joint Employers were not completely disassociated with respect to the employment of Plaintiff; and (2) Plaintiff's Horizontal Joint Employers were under common control.

52. Plaintiff works at Pita Cafe.

53. Plaintiff works at Scottsdale Burger Bar.

54. Defendant Johnathan Yasso controls, manages, and / or owns Defendant Pita Cafe and Defendant Scottsdale Burger Bar.

55. At all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b).

56. In addition, at all relevant times, Defendant Restaurants were vertical joint employers of Plaintiff, as defined by *Torres-Lopez v. May*, 111 F.3d 633, 640 (9th Cir. 1997).

57. Defendant Restaurants have common ownership.

58. The Arizona Corporation Commission lists Defendant Johnathan Yasso as a principal of Defendant Restaurants.

59. Defendant Restaurants have common management.

60. Defendant Johnathan Yasso is a manager of the Defendant Restaurants.

61. Defendant Restaurants have common employment policies.

62. Defendant Johnathan Yasso devised a scheme at all the Defendant Restaurants that managers and / or owners would receive tips.

63. Defendant Restaurants have common restaurant patrons.

64. Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

65. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

**FACTUAL ALLEGATIONS RELATING TO PLAINTIFF ROJAS**

66. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

67. On or around September 3, 2019, Plaintiff began employment with Defendants as a cashier.

68. Plaintiff's primary job duties included seating customers, waiting tables, clearing dishes from tables, and cashing out customers.

69. From September 3, 2019 to present, Plaintiff was paid at a rate between $9.00 - $12.00 per hour plus tips.

70. Plaintiff was not provided her proper tips that she had earned.

71. Plaintiff's managers and / or owners would pool the tips earned by the restaurant workers between themselves.

72. Joe Samuel was Plaintiff's supervisor / manager.

73. Joe Samuel has the power to hire and / or fire employees.

74. Joe Samuel hired Plaintiff.

75. On September 10, 2019, Joe Samuel messaged Plaintiff, "Hope it goes away soon. No need for the note. If you feel like you can work tmw come in at 10. We can start scheduling you soon."

76. On October 13, 2019, Joe Samuel messaged Plaintiff, "Hi Ariana. Chloe isn't feeling well and wanted to know if you're able to cover the rest of her shift today?"

77. On November 3, 2019, Plaintiff messaged Joe Samuel, "Hi I forgot to clock in when I got here because I came a little late. I got here at like 10:02".

78. On November 19, 2019, Joe Samuel messaged Plaintiff, "Hi Ariana. We had a cal out tmw. Are you able to pick up a shift today".

79. On November 26, 2019, Joe Samuel messaged Plaintiff, "Hey Ariana any chance you can come in today?"

80. On December 11, 2019, Joe Samuel messaged Plaintiff, "Hey Ariana I know it's last minute but would you be able to take a couple catering orders tmw?"

81. On December 16, 2019, Joe Samuel messaged Plaintiff, "Hey ari would you like to pick up 10-3 at pita tmw?"

82. Joe Samuel is an owner of Scottsdale Burger Bar.

83. Joe Samuel illegally receives tips.

## COLLECTIVE ACTION ALLEGATIONS

84. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

85. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to the Consolidated Appropriations Act, 2018 ("CAA"), which revised § 203(m). The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018)

86. The proposed collective class for the FLSA claim is defined as follows:

**All current or former tipped restaurant workers, who customarily and regularly receive(d) more than $30 a month in tips, who work(ed) for Pita Cafe, Scottsdale Burger Bar, Johnny's Greek and Burger Bar, and / or any of Johnathan Yasso's owned and / or managed restaurants (known as the "Collective Members").**

87. Plaintiff has given her written consent to be a Named Party Plaintiff in this action pursuant to U.S.C. § 216(b). Plaintiff's signed consent form is attached as **"Exhibit**

**1"**. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

88. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay employees all their owed tips.

89. These policies included managers and / or owners receiving portions of Plaintiff and the Collective Members' tips.

90. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff's are identical or substantially similar.

91. Plaintiff and the Collective Members are hourly tipped employees who are entitled to receive tips.

92. Plaintiff and the Collective Members regularly had Defendants' managers, supervisors, and / or owners keep portions of Plaintiff the Collective Members' tips.

93. Defendants are aware that Plaintiff and the Collective Members, upon information and belief, those similarly situated work(ed) under these conditions, and yet Defendants still denied them their owed tips.

94. The Collective Members perform or have performed the same or similar work as Plaintiff.

95. As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of all tip payment.

96. Defendants' failure to pay tip compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

97. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the Collective Members.

98. All class members, irrespective of their particular job requirements and job titles, are entitled to compensation for their owed tips.

99. Notice of this action should be sent to all similarly situated employees.

100. There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly stated employees are known to Defendants and are readily identifiable through Defendants' records.

## COUNT ONE:
### (FLSA TIP VIOLATION – 29 U.S.C. § 203(m)(2)(B))

101. Plaintiff, on behalf of herself and the Collective Members, realleges and incorporate by reference all allegations in all preceding paragraphs.

102. Plaintiff and the Collective Members were non-exempt employees entitled to tips.

103. On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised § 203(m).

104. The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

105. At all relevant times, Plaintiff and the Collective Members were employed by Defendants within the meaning of the FLSA.

106. Plaintiff and the Collective Members are employees entitled to all of their tips.

107. Defendants' managers, supervisors, and / or owners kept portions of Plaintiff and the Collective Members tips.

108. In addition to the amount of unpaid tipped wages owed to Plaintiff and the Collective Members, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

109. Defendants' actions in failing to properly compensate Plaintiff and the Collective Members, in violation of the FLSA, were willful.

110. Defendants have not made a good faith effort to comply with the FLSA.

111. Plaintiff and the Collective Members are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A.  Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.  For the Court to declare and find that the Defendants committed the following act:

  willfully violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pool;

C.  For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.  For the Court to award prejudgment and post-judgment interest;

E.  For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.  For the Court to provide reasonable incentive awards for the named Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and for the risks she took in doing so; and

G.  Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff and the Collective Members hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED May 5, 2020.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiffs